IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE B. JACKSON, #1163445, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1135-K |
| | ) | |
| DOUGLAS DRETKE, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondents. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case:  This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

    Parties: Petitioner is presently incarcerated at the Huntsville Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas.  Respondent is the Director of TDCJ-CID.  The court did not issue process in this case, pending preliminary screening.

    Statement of Case:  Following his plea of not guilty, a jury convicted Petitioner of aggravated robbery in the 282nd Judicial District Court of Dallas County, Texas, in Cause No. F02-01774-NS.  (Petition (Pet.) at 2).  Punishment was assessed at ten years

confinement.  (Id.).  His conviction was affirmed on appeal.  Jackson v. State, No. 05-03-00551-CR (Tex. App. – Dallas Oct. 27, 2003, no pet.) (unpublished).

Thereafter, Petitioner submitted a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure, which he claims to have filed on September 20, 2004.  (Petitioner's Response to Show Cause Order (Pet's Resp.) at 2, filed on July 8, 2005).  The Texas Court of Criminal Appeals denied the application without written order on February 9, 2005.  (Id. at 3).  See also Ex parte Jackson, WR-60-819-01, www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=231150 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals).[1]

In this federal petition, filed on June 2, 2005, Petitioner alleges (1) his identification was not established beyond a reasonable doubt; (2) his sentence was unreasonably enhanced on the basis of two prior convictions; (3) the indictment was defective and invalid; and (4) his sentence was illegal in light of the unreasonable enhancement.  (Pet. at 7-8).

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  *See* 28 U.S.C. § 2244(d).  The court may raise the affirmative defense of the statute of limitations *sua sponte*.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).[2]

---

[1]     The Dallas County District Clerk's Office has confirmed that Petitioner's art. 11.07 application was filed in the convicting court on October 27, 2004.

[2]     On June 6, 2005, the magistrate judge issued a show cause order, informing Petitioner of the one-year statute of limitations and granting him thirty days to show cause why his petition should not be dismissed as barred by the limitation period.

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  See 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final.  Thus, the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final for purposes of the one-year period on November 26, 2003, thirty days after the Court of Appeals affirmed the judgment of conviction.  See TEX. R. APP. P. 68.2(a) (effective September 1, 1997).  Although a mandate was issued on January 28, 2004, as Petitioner correctly asserts (Pet's Resp. at 2),

---

Petitioner filed his response on July 8, 2005.

that date does not control the limitation analysis in this case. The Fifth Circuit has held that issuance of a mandate does not determine when a state conviction becomes final for purposes of the one-year limitation period. See Roberts v. Cockrell, 319 F.3d 690, 693-695 (5th Cir. 2003). Petitioner's arguments to the contrary raised in his response to the show cause order (see Pet's Resp. at 1-2) should, therefore, be rejected.

The one-year period began to run on November 27, 2003, the day after Petitioner's conviction became final. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir.1998). As of October 27, 2004, the date on which the Dallas County District Clerk filed the art. 11.07 application, see note 1 *supra*, 335 days of the one-year limitation period had elapsed. The state application remained pending until February 9, 2005, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). See also Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir.1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir.1998). The one-year period resumed running on February 10, 2005, and expired 30 days later on March 12, 2005– more than 82 days before Petitioner filed the federal petition in this case on June 2, 2005. Therefore, the federal petition is time barred absent equitable tolling.[3]

Petitioner alleges submitting the art. 11.07 application on September 20, 2004, more than one month before its filing by the Dallas County District Clerk. (Pet's Resp.

---

[3] Pursuant to Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing. Here Petitioner failed to include the date on which he signed his petition. (See Petition at 9). Moreover, his brief in support of the petition is neither signed nor dated. Therefore, absent additional information, the court is bound by the filing date of June 2, 2005. Nevertheless, the long delays in this case would render irrelevant any benefit of the mailbox rule.

4

at 2-3); but see n. 1, *supra*. Insofar as he relies on the federal mailbox rule, his claim is meritless. The federal mailbox rule does not apply to the filing of state writs. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (declining to extend the mailbox rule to the determination of filing dates for state habeas applications). Instead, when a prisoner asserts that his ability to file a federal habeas petition has been affected by a state proceeding, a court should examine the facts to determine whether the prisoner is entitled to equitable tolling. Id.[4]

Petitioner does not present "rare and exceptional" circumstances warranting equitable tolling, see Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), or that he diligently pursued his rights, United States v. Patterson, 211 F.3d 927, 93 (5th Cir. 2000). He merely argues the prosecuting officer delayed in submitting a response to the state writ beyond the statutory fifteen-day period, and the trial court failed to issue its findings and conclusions within the requisite twenty-day period. (Pet's response at 3). These delays, however, do not appear to have hindered Petitioner. On the contrary they extended the period under which the one-year limitation period was tolled.

Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000). He delayed the filing of his art. 11.07

---

[4] Even assuming *arguendo* that the art. 11.07 was filed in the convicting court on September 20, 2004, the petition would still be untimely. Pursuant to this assumption, 298 days of the one-year period elapsed between the date on which the one-year period began to run and September 20, 2004, the alleged date of filing of the state application. Following the denial of the state application, only 68 days of the limitation period remained, or until April 19, 2005. The federal petition was not filed until forty four days later on June 2, 2005.

application by approximately ten months after his conviction became final. Following the denial of his state application, he waited almost an additional four months before submitting this federal petition for filing. These delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the habeas corpus petition as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d).

A copy of this recommendation will be transmitted to Petitioner Willie B. Jackson, #1163445, TDCJ, Huntsville Unit, 815 12th Street, Huntsville, Texas 77348.

Signed this 20th day of September, 2005.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.